IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD DEAN PEACOCK, | No. C 10-3786 WHA (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND CERTIFICATE OF APPEALABILITY** |
| v. | |
| MIKE MCDONALD, Warden, | |
| Respondent. | |

## INTRODUCTION

Petitioner, a California prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. Respondent was ordered to show cause why the writ should not be granted. Respondent filed an answer and a memorandum of points and authorities in support of it, and petitioner filed a traverse.

## STATEMENT

Alan Simon was at home in Westlake, California, on June 17, 2005, when a man he later identified as petitioner knocked on his door and then shot him in the head and the wrist (Resp. Ex. A at 6). Simon had recently beaten petitioner's co-defendant, Kenny Rogers, in a local election, and witnesses testified that Rogers had hired petitioner to kill Simon (*id.* 7-8). In 2009, after petitioner's trial was over, Rogers was tried and convicted of attempted murder and conspiracy and was sentenced to a term of twenty-five years to life in state prison. When Rogers was called to testify at petitioner's trial, he invoked his Fifth Amendment right to

remain silent; when petitioner was called to testify at Rogers's trial, he refused and was held in contempt of court (Trav. 2). As the sole pending claim in this matter challenges the denial of his requests for transcripts and does not concern the trial, the conviction or the sentence themselves, a more detailed account of the crimes is not necessary.

In 2006, in Mendocino County Superior Court, petitioner was convicted of attempted murder (Cal. Pen, Code §§ 187, 664(a)), possession of a firearm by a felon (Cal. Pen. Code § 12021(a)), and shooting at an inhabited dwelling (Cal. Pen. Code § 246). Sentence enhancements for using a firearm, for a prior prison term, and for two prior "strike" convictions were found true (Cal. Pen. Code §§ 667(a), 667.5(b), 1170.12, 12022.53(a)(1)). The trial court sentenced him to a term of seventy-one years to life in state prison. In 2008, the California Court of Appeal affirmed his conviction and sentence and the California Supreme Court denied review (Resp. Exs. A, B). Thereafter, petitioner filed habeas petitions in all three levels of the California courts seeking transcripts of the separate trial of his co-defendant, Kenny Rogers, which petitions were denied (Resp. Ex. C).

**ANALYSIS**

Petitioner claims that his rights to due process and equal protection were violated when the state courts denied his request for a transcript of the trial of his co-defendant Rogers, which transcript he wanted in order to pursue state habeas petitions.

Petitioner may not obtain habeas relief based upon this claim unless the state courts' denial of his requests for transcripts was "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. 2254(d)(1); *see Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000) (Section 2254(d)(1) applies to questions of law and to mixed questions of law and fact decided by the state courts). "Clearly established federal law, as determined by the Supreme Court of the United States" refers to "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Id.* at 412. "Section 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. If there is no Supreme Court precedent that controls

2

on the legal issue raised by a petitioner in state court, the state court's decision cannot be contrary to, or an unreasonable application of, clearly-established federal law. *Carey v. Musladin*, 549 U.S. 70, 77 (2006).

The Supreme Court has held that due process and equal protection require that indigent criminal defendants be provided with free transcripts of their trials for use on direct appeal. *See Britt v. North Carolina*, 404 U.S. 226, 227 (1971); *Griffin v. Illinois*, 351 U.S. 12, 18-20 (1956) (per curiam). Here, however, petitioner does not seek a transcript of his own trial, nor does he seek transcripts in order to pursue a direct appeal, which was the case in *Britt* and *Griffin*. Rather, he seeks the transcript of Rogers's separate trial, and he seeks it for the purposes of collateral challenges to his petition. There is no Supreme Court precedent, and petitioner certainly cites none, that an indigent defendant has a constitutional right to free transcripts of someone else's trial, such as the separate trial of a co-defendant, or to free transcripts in order to pursue collateral review, as opposed to an appeal. Thus, there is no Supreme Court precedent requiring the State to provide petitioner with a free transcript of Rogers's trial for use on petitioner's collateral challenges to his conviction, and the state courts' denial of his requests for such transcripts cannot be contrary to nor an unreasonable application of "clearly established federal law as determined by the Supreme Court." 28 U.S.C. 2254(d)(1).

Furthermore, the state court's denial of petitioner's request for transcripts in this case does not violate his constitutional rights. Petitioner neither identifies what claims he would pursue if he had the transcripts of Rogers's trial, nor explains how the transcripts would help his collateral challenges to his conviction or sentence succeed. California law requires an indigent defendant to "establish with some certainty how the requested materials may be useful on appeal" before a transcript is provided free of charge. Cal. Ct. App., First App. Dist. Local Rule 6(d) (2003). Such statutes or rules requiring an indigent defendant to show a specific need for an entire trial transcript do not run counter to clearly established federal law. *See Boyd v. Newland*, 467 F.3d 1139, 1150-51 (9th Cir. 2006) (California rule requiring an indigent defendant to show a specific need to a complete voir dire transcript does not violate clearly established federal law).

3

As the denial of petitioner's requests for transcripts of his co-defendant's trial was neither contrary to nor an unreasonable application of clearly established federal law within the meaning of 28 U.S.C 2254(d)(1), he is not entitled to federal habeas relief.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED**.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied. Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find the denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: November 17, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.10\PEACOCK3786.RUL.wpd